IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 04-0972-CV-W-DW |
| INDUSTRIAL ENVIRONMENTAL MANAGEMENT, | ) ) ) ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT**

Upon the motion of the Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, Greater Kansas City Laborers Training Fund, and Mo-Kan Construction Industry Substance Abuse Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1.  Plaintiffs herein on the 26th day of October, 2004 filed their Complaint against the defendant herein; and

2.  The defendant was served through its Registered Agent, Richard D. Plaskett, Jr., by Special Process Server with a copy of the Summons and Complaint on the 30th day of October, 2004, at 600 North Chouteau Trafficway, Kansas City, Missouri, 64120, and therefore the Court has jurisdiction over said defendant; and

3.  This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the

1

Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on the 4th day of April, 2005, the following pleadings and caused the same to be mailed by certified mail to: Richard D. Plaskett, Jr., Registered Agent, 600 North Chouteau Trafficway, Kansas City, Missouri, 64120:

    a. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5. The Court entered a show-cause order on the 1st day of June, 2005, directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Richard D. Plaskett, Jr., Registered Agent. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Industrial Environmental Management, Inc., and in favor of plaintiffs, Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, Greater Kansas City Laborers Training Fund, and Mo-Kan Construction Industry Substance Abuse Fund, and their respective Trustees for failure to answer or

to plead as ordered by the Court February 8, 2005, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1.  That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant, for the period November 1, 2000 through June 30, 2004, in the amount of **TWENTY-ONE THOUSAND, EIGHTEEN AND 27/100 ($21,018.27) DOLLARS** in unpaid fringe benefit contributions, **FOUR THOUSAND ONE HUNDRED FORTY-SIX AND 42/100 ($4,146.42) DOLLARS** as and for liquidated damages and **TWO THOUSAND THREE HUNDRED SEVENTY-THREE AND 65/100 ($2,373.65) DOLLARS** as and for interest on the unpaid contributions; **TWO THOUSAND, TWO HUNDRED FORTY-THREE AND 39/100 ($2,243.39) DOLLARS** representing reasonable attorneys' fees; **TWENTY-FOUR THOUSAND, THREE HUNDRED SEVENTY-EIGHT AND 78/100 ($24,378.78) DOLLARS** representing audit costs, for a total of **FIFTY-FOUR THOUSAND, ONE HUNDRED SIXTY AND 51/100 ($54,160.51) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.  Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2004**, to date.

3.  That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the

Case 4:04-cv-00972-DW   Document 24   Filed 09/19/05   Page 3 of 11

number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2004**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

**COUNT II**

1. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant, for the period November 1, 2000 through June 30, 2004, in the amount of **SEVENTEEN THOUSAND NINE HUNDRED SIXTY-TWO AND 35/100 ($17,962.35) DOLLARS** in unpaid fringe benefit contributions, **THREE THOUSAND FIVE HUNDRED THIRTY-SEVEN AND 91/100 ($3,537.91) DOLLARS** as and for liquidated damages and **ONE THOUSAND NINE HUNDRED**

4

**Twenty and 80/100 ($1,920.80) Dollars** as and for interest on the unpaid contributions; **two thousand, two hundred forty-three and 39/100 ($2,243.39) Dollars** representing reasonable attorneys' fees; **twenty-four thousand, three hundred seventy-eight and 78/100 ($24,378.78) Dollars** representing audit costs, for a total of **fifty thousand, forty-three and 23/100 ($50,043.23) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2004**, to date.

3. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2004**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Welfare Fund on

behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

### COUNT III

1. That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant for the period November 1, 2000 through June 30, 2004, in the amount of **NINE THOUSAND THREE HUNDRED FORTY-THREE AND 69/100 ($9,343.69) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND EIGHT HUNDRED FORTY-FIVE AND 86/100 ($1,845.86) DOLLARS** as and for liquidated damages and **ONE THOUSAND ONE HUNDRED FOUR AND 06/100 ($1,104.06) DOLLARS** representing interest on the unpaid contributions; **NINETY-FOUR AND 46/100 ($94.46) DOLLARS** representing reasonable attorneys' fees; **ONE THOUSAND, TWENTY-SIX AND 47/100 ($1,026.47) DOLLARS** representing audit costs, for a total of **THIRTEEN THOUSAND, FOUR HUNDRED FOURTEEN AND 54/100 ($13,414.54) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on

6

Case 4:04-cv-00972-DW   Document 24   Filed 09/19/05   Page 6 of 11

account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2004**, to date.

    3.    That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2004**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

    4.    That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Vacation Plan on behalf of employees working under the collective bargaining agreements.

    5.    That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

    6.    That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

# COUNT IV

1.      That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant for the period November 1, 2000 through June 30, 2004, in the amount of **TWO THOUSAND TWO HUNDRED EIGHTY-FIVE AND 15/100 ($2,285.15) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED FIFTY AND 87/100 ($450.87) DOLLARS** as and for liquidated damages and **TWO HUNDRED SIXTY-ONE AND 67/100 ($261.67) DOLLARS** representing interest on the unpaid contributions; **NINETY-FOUR AND 46/100 ($94.46) DOLLARS** representing reasonable attorneys' fees; **ONE THOUSAND, TWENTY-SIX AND 47/100 ($1,026.47) DOLLARS** representing audit costs, for a total of **FOUR THOUSAND, ONE HUNDRED EIGHTEEN AND 62/100 ($4,118.62) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.      Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2004**, to date.

3.      That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2004**, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and

judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4.  That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

5.  That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.  That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

9

Case 4:04-cv-00972-DW   Document 24   Filed 09/19/05   Page 9 of 11

# COUNT V

1.  That the plaintiff, Mo-Kan Construction Industry Substance Abuse Fund, have and recover of and from the defendant for the period November 1, 2000 through June 30, 2004, in the amount of **ONE HUNDRED NINETY-SEVEN AND 33/100 ($197.33) DOLLARS** in unpaid fringe benefit contributions; **FORTY-SEVEN AND 23/100 ($47.23) DOLLARS** representing reasonable attorneys' fees; **FIVE HUNDRED THIRTEEN AND 25/100 ($513.25) DOLLARS** representing audit costs, for a total of **SEVEN HUNDRED FIFTY-SEVEN AND 81/100 ($757.81) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.  Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2004**, to date.

3.  That the plaintiff, Mo-Kan Construction Industry Substance Abuse Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2004**, to date times the hourly amounts due under said agreements and that the assessment of attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Mo-Kan Construction Industry Substance Abuse Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:   September 20, 2005

11